1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ELIZABETH TREAT, on behalf of T.T.,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>   Defendant. | CIVIL NO. 2:19-cv-01608-JDP<br><br>STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920<br><br>ECF Nos. 23, 24 |

   IT IS HEREBY STIPULATED that Plaintiff be awarded attorney fees and expenses in the amount of five thousand and thirty-six dollars and 13 cents ($5,036.13) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

   After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Counsel Jesse S. Kaplan (Dkt. 23-1). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed

1

under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel including Counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel and/or Counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted this 14th day of April, 2021.

/s/  Jesse S. Kaplan*
JESSE S. KAPLAN
Attorney for Plaintiff
*Authorized by email on Apr. 14, 2021

PHILLIP A. TALBERT
Acting United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:   /s/ Ellinor R. Coder
ELLINOR R. CODER
Special Assistant United States Attorney

Attorneys for Defendant

2

**ORDER**

Plaintiff's motion for attorney fees, ECF No. 23, is granted, in part, to the extent that it is consistent with the parties' stipulation, ECF No. 24. Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees, Costs, and Expenses, ECF No. 24, fees and expenses in the amount of $5,036.13 as authorized by 28 U.S.C. § 2412, and no costs authorized by 28 U.S.C. § 1920, are to be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated:   April 19, 2021                                  _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE